# PRELIMINARY APPROVAL ORDER

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CONCETTA C. VERDERAME** on behalf of herself and all others similarly situated<br><br>**Plaintiff,**<br>v.<br><br>**FUTURITY FIRST INSURANCE GROUP, LLC,**<br><br>**Defendant.** | Case No: 3:24-cv-01262-KAD |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, FORM AND MANNER OF SETTLEMENT NOTICE, PLAN OF ALLOCATION, PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, AND SCHEDULING FAIRNESS HEARING

**BEFORE THE COURT** is the Motion for Preliminary Approval of the Class Action Settlement submitted by Plaintiff Concetta C. Verderame ("Plaintiff" or "Class Representative"), individually, and on behalf of all Settlement Class Members and Defendant Futurity First Insurance Group, LLC, ("Futurity" or "Defendant") pursuant to Fed. R. Civ. P. 23.

The Court, having considered the Motion, the arguments of counsel, and good cause appearing therefore, IT IS ORDERED as follows, and the Court makes the findings set forth below:

1.  **Preliminary Approval of the Proposed Settlement**. The Settlement Agreement drafted drafted in accordance with Rule 23 of the Federal Rules of Civil Procedure ("Settlement Agreement" or "Agreement") signed by the Parties on May 21, 2025, is preliminarily approved pending a Final Approval Hearing. On the current record, the Court preliminarily finds that the proposed Settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorneys' fees and costs, and the Named Plaintiff's Service Award) is reasonable and therefore grants preliminary approval of the Agreement. The Court preliminarily finds that Settlement on the terms in the Agreement is fair, reasonable, and adequate and that such settlement is in the best interests of the Class, as that term is defined in the Agreement. In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in Settlement, the allocation of settlement proceeds among the Settlement Class Members, and the fact that a Settlement represents a compromise of the Parties' respective positions rather than the

result of a finding of liability at trial. The Court further finds that the Settlement proposed in the Agreement resulted from arm's length negotiations.

2. **Class Certification for Settlement Purposes**. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court conditionally certifies, for settlement purposes only, the following "Settlement Class," which consists of all Settlement Class Members who have not excluded themselves from the Settlement Class by submitting a timely request for exclusion in accordance with the requirements set forth in the Class Notice and the Preliminary Approval Order. "Settlement Class Members" are defined as:

All individuals residing in the United States whose PII was affected by the Incident.

Excluded from the Settlement Class are (1) the Judge presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and its current or former officers and directors; and (3) Settlement Class Members who submit a request to opt-out prior to the Opt-Out Deadline.

3. **Prerequisites for Class Action**. Solely for the purposes of settlement, the Court finds that the prerequisites for a class action under Fed. R. Civ. P.23(a) are satisfied for the following reasons:

(a) The Settlement Class is so numerous that joinder of all members is impracticable;

(b) There are questions of law or fact common to the Settlement Class for purposes of determining whether the settlement should be approved;

(c) The Class Representative's claims are typical of the claims of the Settlement Class; and

(d) The Class Representative and Class Counsel are capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed settlement.

4. **Rule 23(b)(3) Class Action**. The Court finds, for settlement purposes, that this action is maintainable as a class action under Fed. R. Civ. P.23(b)(3) because:

(a) Common questions of law and fact predominate over questions affecting only individual persons in the Settlement Class; and

(b) Certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class members.

5.      **Appointment of the Class Representatives and Class Counsel**. Pursuant to Fed. R. Civ. P. 23(a), the Court conditionally appoints Plaintiff Concetta C. Verderame as Class Representative for the Settlement Class. In accordance with Fed. R. Civ. P. 23(g), the Court conditionally appoints Marc Edelson, Edelson Lechtzin LLP and Seth Lesser, Klafter Lesser LLP, as Class Counsel for the Settlement Class.

6.      **Settlement Administrator**. Analytics, LLC is appointed to serve as the settlement administrator ("Settlement Administrator") for the purpose of administering the settlement with reasonable administration costs estimated not to exceed $27,000 pursuant to the terms set forth in the Agreement.

7.      **Notice of Proposed Class Action Settlement**. The Court approves the form and content of the Short Form Notice and Long Form Notice (together, the "Notice") as attached to the Agreement as Exhibits 1 and 2, and authorizes dissemination of the Notice as set forth in the Agreement. Subject to the terms of the Agreement, the Short Form Notice shall be mailed via first-class mail to the most recent known address of each Class Member within the time frame specified in the Agreement. The Court finds that the proposed method for notifying the Settlement Class meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) and all due process requirements, is the best notice practicable under the circumstances, and constitutes due and sufficient notice to all persons entitled to notice. The Settlement Administrator shall follow the additional procedures set forth in Paragraph VII. 4.of the Agreement to process Notices that are undelivered and returned.

8.      **Opting Out of the Settlement**. Unless a Settlement Class Member timely opts out of the Settlement described in the Notice of Settlement, he/she shall be bound by the terms and conditions of the Agreement and shall also be bound by the Court's Final Approval Order enjoining all Settlement Class Members from pursuing, or seeking to reopen, any of the Released Claims against the Released Parties. The Court approves the proposed procedure for exclusion from the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator no later than the Opt-Out Deadline, which is forty five (45) days following the date on which the Notice is first distributed.

9.      **Objecting to the Settlement**. Each member of the Settlement Class shall be given a full opportunity to object to the proposed Settlement and request for attorneys' fees and to participate in the Final Approval Hearing. Any Member of the Class seeking to object to the proposed Settlement may file such objection in writing with the Court no later than forty five (45) calendar days from the date on which the Notice is first distributed. Settlement Class Members who fail to send timely written objections substantially complying with the manner specified above or fail to object at the Final Approval Hearing shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. The written objection requirement may be excused by the Court upon a showing of good cause. Only objecting Settlement Class Members who make objections in the manner described in the Notice of Settlement, or in substantial compliance with the manner described, will be considered Objectors and will therefore be permitted to be heard at the Final Approval Hearing unless excused upon a showing of good cause.

**10.**     **Final Approval Hearing**. Class Counsel shall file a motion for final approval of the Settlement with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any Class Members who request exclusion from the Settlement and the status of administration. The Final Approval Hearing is set for **December 19, 2025 at 10:00a.m.**, which is at least 90 days from the date of service of the CAFA Notice as required by 28 U.S.C. §1715. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. In the event that the Effective Date does not occur, the Parties will be returned to their respective positions *nunc pro tunc* as those positions existed prior to the execution of the Agreement.

**11.**     **Non-substantive amendments**. Non-substantive amendments may be made to the Agreement and/or Notice upon written agreement of the Class Counsel and Defendants' Counsel without court approval.

**12.**     All proceedings in this Action, except those contemplated herein, are stayed and all deadlines vacated.

**13.**     The Court retains jurisdiction to consider all further applications arising out of, or in connection with, the Settlement.

**IT IS SO ORDERED.**

DATED: JUNE 16, 2025           */s/ Kari A. Dooley*
                               KARI A. DOOLEY
                               UNITED STATES DISTRICT JUDGE