THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **CONCETTA C. VERDERAME** on behalf of herself and all others similarly situated<br><br>**Plaintiff,**<br><br>v.<br><br>**FUTURITY FIRST INSURANCE GROUP, LLC,**<br><br>**Defendant.** | **Case No: 3:24-cv-01262-KAD** |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**BEFORE THE COURT** is the Motion for Final Approval of the Class Action Settlement submitted by Plaintiff Concetta C. Verderame ("Plaintiff" or "Class Representative"), individually, and on behalf of all Settlement Class Members and Defendant Futurity First Insurance Group, LLC, ("Futurity" or "Defendant") pursuant to Fed. R. Civ. P. 23.

The Court, having considered the Motion, the arguments of counsel, and good cause appearing therefore, IT IS ORDERED as follows, and the Court makes the findings set forth below:

1. The Court, for the purposes of this Final Judgment, adopts the defined terms as described in the Agreement for any term not otherwise defined herein.

2. The Court certifies the Class pursuant to Federal Rule of Civil Procedure 23.

3. The Court finds that the Agreement—which provides for a non-reversionary Settlement Fund of $335,000.00 to resolve the claims of the Plaintiff and the Settlement Class—is fair, reasonable, adequate, and was entered into in good faith and without collusion. The Court approves and directs consummation of the Agreement.

1

4. The Court approves the Release provided in the Agreement and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties.

5. The Court finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

6. The Court dismisses this action with prejudice against Defendant in this case, without costs and fees except as explicitly provided for in the Agreement.

7. The Court reserves jurisdiction over this action and the Agreement.

8. The Court previously entered an Order Granting Preliminarily Approval of Class Action Settlement, Form and Manner of Settlement Notice, Plan of Allocation, Preliminarily Certifying the Class for Settlement Purposes, and Scheduling a Fairness Hearing ("Preliminary Approval Order") (ECF No. 31) that preliminarily approved the Agreement and established a hearing date to consider the final approval of the Settlement.

9. The Court's Preliminary Approval Order approved the proposed notices and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. A declaration confirming that Notice has been mailed, published, and distributed pursuant to the Preliminary Approval Order has been filed with the Court. (ECF No. 35-4). The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Agreement.

10. The Court finds Futurity has complied with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

11. The Court finds that the Class Representative is similarly situated to Settlement Class Members and is typical of the Class and is an adequate Class Representative, and that Class

Counsel and the Class Representative have fairly and adequately represented the Class. The Court grants final approval to its appointment of Class Counsel and Class Representative as provided in the Preliminary Approval Order, appointing the following firms and individuals as Class Counsel, Marc Edelson, Edelson Lechtzin LLP, and Seth Lesser, Klafter Lesser LLP. The Court also appoints Plaintiff Concetta C. Verderame as Class Representative.

12. The Court certifies the following Class under Fed. R. Civ. P. 23(a) and 23(b)(3):

"All individuals residing in the United States whose PII was affected by the Incident." Excluded from the Class and from the releases effected by the Settlement and by this Order is Linda M. Svete, who was the sole individual who requested to be excluded from the proposed Settlement.

13. The Court finds that the Class defined above satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) for settlement purposes insofar as: (a) the Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Class Representative and Class Counsel have fairly and adequately protected the interests of the Class, as the Class Representative has no interests antagonistic to or conflicting with the Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement are superior to other available methods for a fair and efficient resolution of this controversy.

14. Having considered the negotiation of, the terms of, and all the materials submitted concerning the Agreement; having considered Plaintiff's and Settlement Class Members'

likelihood of success both in maintaining this action as a class action and prevailing on the claims in a data-breach trial, including the possibility that Futurity could prevail on one or more of its defenses; having considered the range of the Plaintiff's possible recovery—and that of the Class—and the complexity, expense, and duration of the Litigation; and having considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

    a. Plaintiff and Class Counsel have adequately represented the Class;

    b. the terms of the Agreement were negotiated at arm's length, vigorously advocated by experienced counsel for Plaintiff and Futurity;

    c. the outcome of the Action is in doubt;

    d. it is possible that the Class could receive more if the Action were to go to trial, but it is also possible that the proposed Class could receive less—including the possibility of receiving nothing—and/or that Futurity could defeat certification;

    e. the value of immediate recovery outweighs the possibility of future relief that would likely occur, if at all, only after further protracted litigation and appeals;

    f. the Parties have, in good faith, determined the Agreement is in their respective best interests, including Plaintiff and Class Counsel determining that it is in the best interest of the Settlement Class Members;

    g. the aggregate consideration for the Class—including the Settlement Fund, which Futurity shall fund—is commensurate with the claims asserted and that will be released as part of the Settlement, and

    h. the terms of the Agreement treat the Settlement Class Members equitably relative to one another and fall well within the range of settlement terms that would be considered a fair, reasonable, and adequate resolution to this Action.

15. Accordingly, pursuant to Rule 23(e), the terms of the Agreement are finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Class and each of the Settlement Class Members.

16. Pursuant to the Settlement Agreement and the Plaintiff's Application for Attorneys' Fees, Costs, and Service Awards (ECF No. 36), the Settlement Fund shall first be used to pay settlement administration expenses; Class Counsel attorneys' fees totaling $111,667.00; Class Counsel's costs and expenses up to $9,518.01.00; and a service award to the Class Representative in the amount of $5,000.00. The Settlement Fund shall next be used to pay Settlement Class Members' documented financial loss, up to $10,000, Time Compensation, for their time and effort undertaken to secure their credit, up to 5 hours, at $30 per hour, three years of no-cost credit protection coverage, or as an alternative, a *pro rata* Alternative Cash Payment of up to $300. Should the total claims not exhaust the settlement fund, the remaining funds would be distributed, *pro rata*, to those Valid Claimants who have already received their Cash Payments. In the event that the total claims exceed the settlement amount, claims will be subject to a *pro rata* reduction.

17. Plaintiff and Settlement Class Members fully, finally, and forever release, relinquish, and discharge all Released Claims as against all Released Parties. Further, upon the Effective Date in the Agreement, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action in this or any other forum (other than participation in the settlement as provided herein) in which any of the Released Claims (as defined in the Agreement) is asserted. Any other claims or defenses Plaintiff and each and all of the Settlement Class Members may have against Defendant that are not based upon or do not

arise out of the institution, prosecution, assertion, settlement, or resolution of the Incident, the Action, or the Released Claims are specifically preserved and shall not be affected by the preceding sentence.

**IT IS SO ORDERED.**

DATED: December 19, 2025      /s/ Kari A. Dooley
                              KARI A. DOOLEY
                              UNITED STATES DISTRICT JUDGE